**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-01940-RBJ

MATT WALEWSKI,
individually and on behalf of all others similarly situated,

        Plaintiff,

v.

WEYERHAEUSER NR COMPANY, D/B/A
WEYERHAEUSER COMPANY, A WASHINGTON
STATE CORPORATION,

        Defendant.

---

**STIPULATION AND PROPOSED ORDER TO STAY LITIGATION FOR ADR**

---

Plaintiff Matt Walewski ("Plaintiff") and Defendant Weyerhaeuser Company ("Weyerhaeuser" or "Defendant," and together with Plaintiff, the "Parties"), through their undersigned counsel, hereby stipulate and agree as follows:

1. Plaintiff filed this action on August 10, 2017 (Dkt. 1), and the Parties have been vigorously litigating this case since that time, as summarized below.

2. On December 22, 2017, the Parties exchanged Rule 26(a)(1) Initial Disclosures.

3. Plaintiff has served written discovery on Defendant, including one hundred twenty-nine (129) requests for production and thirteen (13) interrogatories. Defendant has produced to date over 24,000 documents, consisting of over 56,000 pages of discovery. The Parties have also been meeting and conferring extensively over the past several months regarding written discovery to attempt to narrow and resolve discovery issues. The Parties are in agreement that additional

documents should be produced and depositions taken prior to class certification, but are not yet in agreement regarding the scope or timing of all subsequent productions.

4. Defendant has served twenty-four (24) interrogatories, forty-six (46) requests for production, and one hundred and nineteen (119) requests for admission on Plaintiff. Plaintiff is in the process of preparing responses to Defendant's requests and is likewise preparing to produce responsive documents.

5. To date, Plaintiff's Counsel have served nineteen (19) subpoenas on third parties.

6. Defendant filed a motion to compel arbitration and dismiss or stay this action (Dkt. 47, the "Arbitration Motion"). Plaintiff filed his opposition to the Arbitration Motion (Dkt. 52), and Defendant has filed its reply brief (Dkt. 54). The Parties have agreed and stipulated, however, that Weyerhaeuser's participation in discovery, whether affirmative or defensive, does not waive its right to seek to compel arbitration in this action (Dkt. 56).

7. On November 21, 2017, the Parties attended a full day in-person mediation of this matter (and certain related cases) in Chicago, Illinois, overseen by an experienced mediator, the Hon. Wayne R. Andersen (Ret.), a former United States District Judge of the Northern District of Illinois. While the mediation did not result in a settlement, the Parties have continued to have further discussions concerning ADR. Based on these continuing discussions, the Parties have now agreed to return to mediation before Judge Andersen in September of 2018 in order to engage in good faith mediation efforts to address the individual claims of Plaintiff and members of the proposed class that are represented by Plaintiff's counsel.

8. To allow the Parties to focus on ADR-related discovery and the mediation process set forth above and in order to promote judicial economy, the Parties respectfully request a stay of these proceedings until October 15, 2018 (the "Stay Period").

9. In order to preserve the Parties' litigation positions during the Stay Period, the Parties jointly respectfully request that the Court refrain from issuing a decision on Weyerhaeuser's pending Arbitration Motion during the pendency of the stay.

10. All Parties in the following related actions pending in other federal courts are in the process of filing similar Stipulations and Proposed Orders, requesting that that the District Courts approve a similar stay of all proceedings for purposes of ADR until October 15, 2018:

   a. *Andreozzi, et al. v. Weyerhaeuser Co.*, Case No. 2:17-cv-05763 (D.N.J.);

   b. *Coleman, et al. v. Weyerhaeuser Co.*, Case No. 1:17-cv-01093 (D. Del.);

   c. *Esanbock, et al. v. Weyerhaeuser Co.*, Case No. 0:17-cv-03702 (D. Minn.);

   d. *Kipp, et al. v. Weyerhaeuser Co.*, Case No. 2:17-cv-03958 (E.D. Pa.);

   e. *Koppers, et al. v. Weyerhaeuser Co.*, Case No. 6:17-cv-06557 (W.D.N.Y.).

While no case schedule currently exists in *Koppers*, the Parties are in the process of informing the District Court in *Koppers* of the above-mentioned Stipulations and Proposed Orders and requesting that the District Court hold its decision on Weyerhaeuser's pending motion to compel arbitration, the same as in this case. The District Court in *Coleman* has already entered a similar Stipulation and Order, staying that case until October 15, 2018 and agreeing to refrain from issuing a decision on Weyerhaeuser's pending motion to compel arbitration during the pendency of the stay.

11. Plaintiff has requested that the stay not apply to the subpoenas that Plaintiff has already issued to third parties. Defendant does not oppose Plaintiff's request. Plaintiff will continue to share with Defendant copies of any documents he receives from the subpoenaed entities.

12. On or before October 15, 2018, the Parties will submit a joint status report apprising the Court as to the status of the settlement discussions and the outcome of the mediation process.

13. The Parties agree that if the mediation process is not successful, that the Parties will need additional reasonable time to: (a) resolve the current Arbitration Motion; (b) resolve any

disputes over written discovery; (c) complete written discovery relevant to class certification; (d) take depositions relevant to class certification; (e) produce expert reports and take expert discovery in connection with class certification; and (f) complete briefing, argument and any hearing on Plaintiff's motion for class certification. If the case does not settle within the Stay Period, the Parties agree to meet and confer and jointly present a new schedule to the Court to accomplish the above, and to seek parallel schedules in all the above cases, as they did previously.

WHEREFORE, the Parties respectfully request that the Court enter this Stipulation as an Order in order to facilitate ADR.

Date: August 16, 2018

/s/ Craig M. J. Allely
Craig M. J. Allely, #17546
  CAllely@perkinscoie.com
Daniel Graham, #45185
  DGraham@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  303.291.2300
Facsimile:  303.291.2400

Mark S. Mester (*pro hac vice*)
Mary Rose Alexander (*pro hac vice*)
Robert C. Collins, III (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:  mark.mester@lw.com
            mary.rose.alexander@lw.com
            robert.collins@lw.com

*Attorneys for Defendant*
***WEYERHAEUSER COMPANY***

| | |
|---|---|
| Date: August 16, 2018 | /s/ Jacob M. Polakoff |

E. Michelle Drake
  emdrake@bm.net
Joseph C. Hashmall
  jhashmall@bm.net
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: 612.594.5999
Facsimile: 612.584.4470

Shanon J. Carson
  scarson@bm.net
Lawrence Deutsch
  ldeutsch@bm.net
Jacob M. Polakoff
  jpolakoff@bm.net
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Telephone: 215.875.3000
Facsimile: 215.875.4604

Franklin D. Azar
  azarf@fdazar.com
H. Zachary Balkin
  balkinz@fdazar.com
Keith R. Scranton
  scrantonk@fdazar.com
FRANKLIN D. AZAR & ASSOCIATES, PC
14426 East Evans Ave.
Aurora, CO 80014-1474
Telephone: 303.757.3300
Facsimile: 303.759.5203

Charles E. Schaffer
  cschaffer@lfsblaw.com
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Telephone: 215.592.1500
Facsimile: 215.592.4663

***Counsel for Plaintiff and the Proposed Classes***

5

**IT IS SO ORDERED** this \_\_\_\_ day of _____, 2018.

_____
Hon. R. Brooke Jackson
United States District Judge